IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,
    Plaintiff
    v.
SECRETARY BEARD, et al.,
    Defendants

:Case No. 3:09-cv-54-KRG-KAP

Report and Recommendation

Recommendation

Plaintiff, who I see filed a notice of appeal today, already filed a motion under Fed.R.Civ.P. 59, docket no. 55. It should be denied.

Report

As the Court is aware, I recommended and the Court agreed that the defendants' motion to dismiss the nontrivial portions of the complaint as barred by the statute of limitation should be granted. Plaintiff seeks to alter the judgment on the grounds that the time he spent exhausting administrative remedies should not count against the limitations period. There is no circuit precedent on the subject, although there is a nonprecedential *per curiam* opinion, Paluch v. Secretary, 442 Fed. Appx. 690 (3d Cir.2011), in which a panel of the Court of Appeals posited, in dictum, that the limitations period "may be" tolled while an inmate exhausts. Some district courts have likewise assumed that 42 Pa.C.S.§ 5535(b) commands tolling of the limitations period during PLRA exhaustion.

Congress has never seen fit to legislate a uniform limitations period for actions under Section 1983, leaving the

limitations period for the analogous state law tort to supply the rule for federal claims. In enacting the PLRA, Congress mandated exhaustion of such administrative remedies as a state may provide but, although (as demonstrated in AEDPA) it clearly knew how to do so, did not provide a federal rule for tolling or in any way alter the law governing computation of the limitations period. State law, which supplies the limitations period, should logically also provide the tolling rules. As Judge Fischer of this court has remarked:

The Supreme Court has admonished courts that a particular state's statute of limitations should not be abstracted from the broader body of law of which it is a part. Federal law's borrowing of a state's *limitations period* also entails its borrowing of that state's law with respect to tolling. <u>Hardin v. Straub</u>, 490 U.S. 536, 538-544, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

<u>Baranowski v. Waters</u>, 2008 WL 4000406 (W.D. Pa. Aug. 25, 2008) <u>aff'd</u>, 370 Fed.Appx. 318 (3d Cir.2010).

Pennsylvania's relevant tolling provision is at 42 Pa.C.S.§ 5535(b), which provides:

Where the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced.

The obvious question is whether the PLRA's command that administrative remedies be pursued before the filing of a complaint in federal court (since it is not a stay by a court) is a "statutory prohibition." It clearly is not. The PLRA, Congress's attempt to cut down on some of the unnecessary use of federal court

2

resources by inmates in state and local prisons, mandated exhaustion of such remedies as may be available before a suit could be commenced in federal court. The PLRA neither commanded states to create administrative remedies, nor prevented filings in state courts without exhaustion of remedies. The choices of what remedies to afford, where inmates can file in state court, and the exhaustion requirements in state court are up to the state and the litigant, and so cannot be considered "statutory prohibitions" of the PLRA. I am aware that the Fifth Circuit disagrees, see <u>Johnson v. Louisiana ex rel. Louisiana Dept. of Pub. Safety & Corr.</u>, 468 F.3d 278, 280 (5th Cir.2006), but in its haste to get rid of one prisoner suit on the basis of lack of exhaustion, that court not only injected uncertainty into an entire class of inmate lawsuits, but also diverged from the course charted in this circuit. For example, in <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 210 (3d Cir. 2002), the Court of Appeals observed both that the PLRA was directed to regulating filings in federal court, <u>id.</u> at 205, <u>citing</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 78 (3d Cir.2000), and that plaintiff Ahmed would have "been free of the strictures of the PLRA if he had filed a timely complaint after his release from prison," <u>id.</u> at 210, because the exhaustion requirement of PLRA was directed to suits filed by inmates, not former inmates. In short, this circuit's precedential opinions correctly reflect an understanding that the PLRA regulates access to federal court, and does so by imposing

3

certain requirements before complaints can be filed in federal court, requirements that do not necessarily apply to complaints filed in state court or even all complaints in federal court. (One wonders how the limitations period would be computed for Ahmed under the Fifth Circuit's theory: would a failed attempt to exhaust count for no time against the limitations period, toll the limitations period in part, or toll the limitations period until exhaustion would properly have taken place?) Plaintiff's decision to file a complaint in federal court more than two years beyond the accrual of his nontrivial causes of action cannot be defended by inventing a tolling doctrine not present in either federal or state statute.

Nor is there any basis for equitable tolling. Pennsylvania does not allow equitable tolling as a means by which federal courts can expand a statutory limitations period. See e.g. Webb v. Perkiomen School, 349 Fed. Appx. 675 (3d Cir.2009)(affirming the *sua sponte* dismissal of a tort claim, observing that equitable tolling in Pennsylvania requires intentional misinformation or fraudulent concealment of information by defendants). A different result would of course be proper if there were a showing that defendants or the Pennsylvania Department of Corrections deliberately manipulated the grievance process to run out the limitations period. But there is no such showing.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 11 February 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Antonio Pearson BL-0521
    S.C.I. Coal Township
    1 Kelley Drive
    Coal Township, PA 17866-1021